UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE TAYLOR, #147544,

       Plaintiff,

                                                CASE NO. 2:10-CV-11864
v.                                         HONORABLE DENISE PAGE HOOD

WASHTENAW CO. JAIL,

       Defendant.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Before the Court is Plaintiff Bruce Taylor's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the Washtenw County Jail in Ann Arbor, Michigan, has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff appears to be challenging his arrest and incarceration arising from his failure to properly register as a sex offender. Plaintiff names the Washtenaw County Jail as the sole defendant in this action and sues the jail in its official capacity. Plaintiff seeks information about the statute of limitations for his crime and requests injunctive relief and monetary damages. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

1

II.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an

arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal.

### III.

Plaintiff identifies the Washtenaw County Jail as the sole defendant in this action. Section 1983 imposes liability on any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled under Michigan law that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under 42 U.S.C. § 1983. *See Coopshaw v. Lenawee Co. Sheriff's Office of Lenawee Co.*, No. 05-CV-72569, 2006 WL 3298898, *6-7 (E.D. Mich. Nov. 14, 2006) (citing cases); *Gross v. Evans*, No. 06-CV-13065, 2006 WL 2419195, *2 (E.D. Mich. Aug. 22, 2006); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007) (county sheriff's office was not a legal entity under Ohio law and was not subject to suit under § 1983); *Castillo v. Cook Co. Mail Room Dep't.*, 990 F.2d 304, 307 (7th Cir. 1993) (per curiam). Plaintiff's complaint against the Washtenaw County Jail must therefore be dismissed.

Additionally, and alternatively, to the extent that Plaintiff challenges the requirement that

3

he register as a sex offender and his current confinement, he is not entitled to relief under § 1983.

A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). If Plaintiff were to prevail on his claim, the validity of his continued confinement would be called into question. Such claims are barred by *Heck* and must be dismissed.

IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES** his civil rights complaint. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also*

4

*McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


                                               s/ DENISE PAGE HOOD
                                               DENISE PAGE HOOD
                                               UNITED STATES DISTRICT JUDGE

Dated: May 27, 2010


     I hereby certify that a copy of the foregoing document was served upon Bruce Taylor, Reg. No. 147544, Washtenaw County Jail, 2201 Hogback Road, Ann Arbor, MI 48105 on May 27, 2010, by electronic and/or ordinary mail.

                                               s/William F. Lewis
                                             Case Manager